UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND, BUILDING
SERVICE 32BJ PENSION FUND, BUILDING SERVICE
32BJ LEGAL SERVICES FUND, BUILDING SERVICE
32BJ THOMAS SHORTMAN TRAINING,
SCHOLARSHIP AND SAFETY FUND, and BUILDING
SERVICE 32BJ SUPPLEMENTAL SAVINGS AND
RETIREMENT FUND

**08 CIV 6741**

JUDGE BATTS

**COMPLAINT**

Plaintiffs,

08-CV- ( )

-against-

RECEIVED
JUL 29 2008
U.S.D.C. S.D.N.Y.
CASHIERS

SUPERIOR MAINTENANCE, INC. and SUPERIOR
MAINTENANCE OF WESTCHESTER, INC.,
                                    Defendants.

------------------------------------------------------------------X

Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"), BUILDING SERVICE 32BJ Pension Fund ("Pension Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund"), Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund"), and Building Service 32BJ Supplemental Savings and Retirement Fund, herein collectively referred to as the "Funds," by their attorneys Raab, Sturm, Goldman & Ganchrow, LLP, as and for their Complaint against Superior Maintenance, Inc. ("Defendant Superior") and Superior Maintenance of Westchester, Inc. ("Defendant Westchester"), jointly referred to as "Defendants", respectfully allege as follows:

**NATURE OF ACTION**

1.  This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145),

(hereinafter referred to as "E.R.I.S.A.") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension fund, an employee pre-paid legal services benefit fund, an employee training, scholarship and safety benefit fund and an employee supplemental savings and retirement fund for injunctive and other equitable relief under E.R.I.S.A. and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds and to permit and cooperate in the conduct of audits of the books and records of Defendants and as parties contractually bound by the collective bargaining agreements (as hereinafter defined) by the Funds and/or their designated representatives. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendants violated their collective bargaining agreements, and the respective trust agreements of the Funds, and E.R.I.S.A.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of E.R.I.S.A. (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(6)(2)).

## PARTIES

4.  The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health and insurance benefits, pension benefits, pre-paid legal services and training, scholarship and safety benefits and supplemental savings and retirement benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

5.  The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

6.  A)    Upon information and belief, at all times material hereto Defendants were and continue to be for-profit New York corporations doing business in various states of the

United States, as employers within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and were and are employers in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendants is parties to a number of collective bargaining agreements (hereinafter the "Agreements") with the Union wherein, *inter alia*, Defendants became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendants' employees within the units set forth in the Agreements with Union.

6.   B)   Upon information and belief Defendant Superior and Defendant Westchester are a "single employer" and/or a "joint-employer" as they constitute a single integrated employer employing the employees employed under the Agreement with the Union and they all possess the power to control the employees represented by the Union under the above described Agreement.

6.   C)   Upon information and belief Defendant Superior and Defendant Westchester are alter egos of each other as they share a common ownership and management, have a common business purpose, have the identical operations and supervision, utilize the same equipment and premises, have identical customers, and were created, at least in part, to avoid responsibilities under the collective bargaining agreement with the Union.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS )

6.   The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

7.   Pursuant to the Agreements, there became due and owing to the Funds from Defendants benefit contributions for the period from January 1, 2004 to date.

8. The Defendant has fallen delinquent in its monthly contributions owed to the Funds and since January 1, 2004 none of the contributions contractually due to the Funds has been paid by the Defendants, although all contributions have been duly demanded and the Funds have been damaged in the amount of $265,491.01 in principal as calculated by the Funds pursuant to an audite through December 31, 2007, plus such other amounts due and owing since January 1, 2008.

9. The failure, refusal or neglect of Defendants to make the required contributions to the Funds constitutes a violation of the Agreements between Defendants and the Union with respect to which the Funds are third-party beneficiaries.

10. Accordingly, Defendants are liable to the Funds for benefit contributions in the amounts due for the period set forth above, plus such other or further amounts as will be found due and owing pursuant to a further audit of Defendants' books and records for the period January 1, 2008 to date, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendants. Defendants are further liable to the Funds for contractual damages, including interest, liquidated damages and attorneys fees, on the unpaid principal.

### AS AND FOR A SECOND CLAIM FOR RELIEF
**(FUNDS' CLAIM FOR BREACH OF E.R.I.S.A. OBLIGATIONS BY DEFENDANTS)**

11. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 10 of this Complaint, as if fully set forth herein.

12. Section 515 of E.R.I.S.A. (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

13. Upon information and belief, at all times material hereto, Defendants failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds

when due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of E.R.I.S.A. (29 U.S.C. § 1145).

14. Section 502 of E.R.I.S.A. (29 U.S.C. § 1132) provides that, upon a finding of an employee violation of Section 515 of E.R.I.S.A. (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

15. Accordingly, Defendants are liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and are liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANTS TO PERMIT AN AUDIT OF DEFENDANTS' BOOKS AND RECORDS)

16. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

17. Defendants are obligated, pursuant to the terms of the Agreements, to permit and cooperate in the conduct of audits of the books and records of Defendants by the Funds.

18. Accordingly, pursuant to the terms and conditions of the Agreements, the Funds demand an order directing Defendants to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendants' books and records.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS)

19. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

20. Pursuant to the terms and conditions of the Agreements, Defendants are required to timely pay benefit contributions and submit reports to the Funds, and permit and cooperate in the conduct of audits of Defendants' books and records, for so long as Defendants remain obligated to do so pursuant to the Agreements.

21. Upon information and belief, Defendants have failed to timely pay and/or submit benefit contributions to the Funds and are currently in breach of their obligations under the Agreements. Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Agreements.

22. The Funds have no adequate remedy at law to insure that Defendants will adhere to the terms of the Agreements.

23. As a result of Defendants' omissions and breaches of contract and violations of E.R.I.S.A., the Funds may be required to (a) deny employee beneficiaries, for whom contributions have not been made, the benefits provided under the benefit plans, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plans, notwithstanding Defendantts' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

24. The Funds will suffer immediate and irreparable injury unless Defendants, their

officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendants remain obligated to do so pursuant to the Agreements.

25. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of the Agreements.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO E.R.I.S.A. AGAINST DEFENDANTS)

26. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. Pursuant to the provisions of E.R.I.S.A. and the Agreements, Defendants are required to timely pay and submit benefit contributions and/or reports to the Funds and permit and cooperate in the conduct of audits of Defendants' books and records, for so long as Defendants remain obligated to do so pursuant to the Agreements.

28. Upon information and belief, Defendants have failed to timely pay and/or submit benefit contributions to the Funds, and are currently in breach of their statutory obligations under E.R.I.S.A. Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned statutory provisions.

29. The Funds have no adequate remedy at law to insure that Defendants will continue to adhere to their statutory obligations.

30. As a result of Defendants' omissions and breaches of contract, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plans, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plans, notwithstanding Defendants' failures to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

31. The Funds will suffer immediate and irreparable injury unless Defendants their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendants remain obligated to do so pursuant to E.R.I.S.A.

32. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendants their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating E.R.I.S.A. by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of Agreements.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendants for payment of all past due contributions in the amount of

$265,491.01 for the period beginning January 1, 2004 through December 31, 2007, plus all further amounts as are due from January 1, 2008 through the date of judgment

    b.    against Defendants for payment of all contributions which become due during the pendency of this action in accordance with E.R.I.S.A § 502(g)(2);

    c.    against Defendants for accrued prejudgment interest on all contributions in accordance with E.R.I.S.A § 502 (g)(2);

    d.    against Defendants for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2);

    e.    against Defendants for payment of all contributions which become due during the pendency of this action in accordance with the Agreements;

    f.    against Defendants for accrued prejudgment interest on all contributions in accordance with the Agreements;

    g.    against Defendants for contractual damages on all contributions now due and which accrue during the pendency of this action, including, reasonable attorneys' fees and costs and disbursements in accordance with the Agreements;

    h.    for an Order requiring Defendants to permit and cooperate in the conduct of an audit of the books and records of Defendants, for the period January 1, 2004 to date, by the Funds;

    i.    for an Order permanently enjoining Defendants their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with

applicable Agreements;

j.  for an Order permanently enjoining Defendants their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as Defendants remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with E.R.I.S.A and the applicable Agreements;

k.  for such other and further relief as the Court deems just and proper.

Dated:  New York, New York
July 25, 2008

RAAB, STURM, GOLDMAN & GANCHROW, LLP

By: _____
Ira A. Sturm (IS-2042)
*Attorneys for Plaintiffs Funds*
317 Madison Avenue, Suite 1708
New York, New York 10017
(Tel.) 212-683-6699
(Fax) 212-779-8596