UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| BUILDING SERVICE 32BJ HEALTH FUND, BUILDING SERVICE 32BJ PENSION FUND, BUILDING SERVICE 32BJ LEGAL SERVICES FUND, BUILDING SERVICE 32BJ THOMAS SHORTMAN TRAINING, SCHOLARSHIP AND SAFETY FUND, and BUILDING SERVICE 32BJ SUPPLEMENTAL SAVINGS AND RETIREMENT FUND, | **Docket No.:** **08-CV-6741 (DAB)(MHD)** **ANSWER TO** **AMENDED COMPLAINT** |

                              Plaintiffs,
   -against-

SUPERIOR MAINTENANCE, INC., SUPERIOR MAINTENANCE OF WESTCHESTER, INC. AND JCB, INC. d/b/a SUPERIOR MAINTENANCE,

                              Defendants.

------------------------------------------------------------------x

SIRS:

     The Defendants, SUPERIOR MAINTENANCE, INC., SUPERIOR MAINTENANCE OF WESTCHESTER, INC. AND JCB, INC. d/b/a SUPERIOR MAINTENANCE, by their attorneys, TRIVELLA, FORTE & SMITH, LLP., as and for their Answer to the plaintiffs', BUILDING SERVICE 32BJ HEALTH FUND, BUILDING SERVICE 32BJ PENSION FUND, BUILDING SERVICE 32BJ LEGAL SERVICES FUND, BUILDING SERVICE 32BJ THOMAS SHORTMAN TRAINING, SCHOLARSHIP AND SAFETY FUND, and BUILDING SERVICE 32BJ SUPPLEMENTAL SAVINGS AND RETIREMENT FUND, Amended Complaint dated July 31, 2008, allege as follows upon information and belief:

    1.    With respect to paragraph "1" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required and the defendants respectfully refer this Court to the statutes for their true content and meaning. To

the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

2. With respect to paragraph "2" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case and conclusions of law to which no response is required and the defendants respectfully refer this Court to the statutes for their true content and meaning.

3. With respect to paragraph "3" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case and conclusions of law to which no response is required and the defendants respectfully refer this Court to the statutes for their true content and meaning.

4. With respect to paragraph "4" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case and conclusions of law to which no response is required and the defendants respectfully refer this Court to the statutes for their true content and meaning. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

5. With respect to paragraph "5" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case and conclusions of law to which no response is required and the defendants respectfully refer this Court to the statutes for their true content and meaning.

6A. With respect to paragraph "6A" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required and the defendants respectfully refer this Court to the statutes for their true content and meaning. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants,

they are denied.

6B. The defendants deny the allegations contained in paragraph "6B" of the Amended Complaint.

6C. The defendants deny the allegations contained in paragraph "6C" of the Amended Complaint.

6. The defendants repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "6C" of this Answer as if fully set forth herein.

7. The defendants deny the allegations contained in paragraph "7" of the Amended Complaint.

8. The defendants deny the allegations contained in paragraph "8" of the Amended Complaint.

9. The defendants deny the allegations contained in paragraph "9" of the Amended Complaint.

10. The defendants deny the allegations contained in paragraph "10" of the Amended Complaint.

11. The defendants repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "10" of this Answer as if fully set forth herein.

12. With respect to paragraph "12" of the Amended Complaint, the allegations contained therein are plaintiffs' conclusions of law to which no response is required and the defendants respectfully refer this Court to the statute for its true content and meaning.

13. The defendants deny the allegations contained in paragraph "13" of the Amended Complaint.

14. With respect to paragraph "14" of the Amended Complaint, the allegations

contained therein are plaintiffs' conclusions of law to which no response is required and the defendants respectfully refer this Court to the statutes for their true content and meaning. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

15. The defendants deny the allegations contained in paragraph "15" of the Amended Complaint.

16. The defendants repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "15" of this Answer as if fully set forth herein.

17. With respect to paragraph "17" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

18. With respect to paragraph "18" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

19. The defendants repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "18" of this Answer as if fully set forth herein.

20. With respect to paragraph "20" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

21. The defendants deny the allegations contained in paragraph "21" of the Amended

Complaint.

22. The defendants deny the allegations contained in paragraph "22" of the Amended Complaint.

23. With respect to paragraph "23" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

24. The defendants deny the allegations contained in paragraph "24" of the Amended Complaint.

25. The defendants deny the allegations contained in paragraph "25" of the Amended Complaint.

26. The defendants repeat and reallege every form of denial and/or admission set forth in the paragraphs marked "1" through "25" of this Answer as if fully set forth herein.

27. With respect to paragraph "27" of the Amended Complaint, the allegations contained therein are plaintiffs' characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendants, they are denied.

28. The defendants deny the allegations contained in paragraph "28" of the Amended Complaint.

29. The defendants deny the allegations contained in paragraph "29" of the Amended Complaint.

30. The defendants deny the allegations contained in paragraph "30" of the Amended Complaint.

31.   The defendants deny the allegations contained in paragraph "31" of the Amended Complaint.

32.   The defendants deny the allegations contained in paragraph "32" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33.   The claims set forth in the Amended Complaint fail to state a cause of action for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34.   The defendants have not failed to pay any amounts to the plaintiffs.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35.   The plaintiffs' claims are barred by the doctrine of laches, unclean hands, waiver and equitable estoppel and legal estoppel and preemption.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36.   The plaintiffs cannot establish that the defendants, SUPERIOR MAINTENANCE OF WESTCHESTER, INC. and SUPERIOR MAINTENANCE, INC. are an alter ego/single employer of the defendant, JCB, INC. d/b/a SUPERIOR MAINTENANCE or are otherwise liable for the debts or obligations of SUPERIOR MAINTENANCE, INC.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37.   Any damages the plaintiffs suffered were due to the actions and culpable conduct of the plaintiffs or its agents and were not causally related to the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38.   Upon information and belief, the plaintiffs are attempting to collect contributions for individuals that did not perform bargaining unit work or did not work in the jurisdiction of

the labor organization, that were not covered by any collective bargaining agreement or fund participation agreement or other obligation to contribute, for which there is no obligation for the defendants to make contributions, or for which contributions are illegal.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39. To the extent the Amended Complaint demands contributions from the defendants where no collective bargaining agreement or other fund participation agreement exists, the Court lacks subject matter jurisdiction over those contributions, the Amended Complaint fails to state a claim upon which relief may be granted, and the demand for contributions violates ERISA § 302(c)(5).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

40. To the extent the Amended Complaint seeks contributions for a period more than six years prior to the interposition of this action, the Amended Complaint seeks contributions for time periods barred by the applicable Statute of Limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41. Any damage to the Funds results from the culpability of the plaintiffs and/or the Union in failing to monitor the Funds and failing to maintain adequate records and otherwise does not result from the defendants' actions.

**WHEREFORE**, having fully answered all the counts of the Amended Complaint, the defendants, SUPERIOR MAINTENANCE, INC., SUPERIOR MAINTENANCE OF WESTCHESTER, INC. AND JCB, INC. d/b/a SUPERIOR MAINTENANCE, respectfully demand judgment:

  (a) dismissing the Amended Complaint in its entirety; and

  (b) against the plaintiffs for the costs, attorneys' fees and disbursements of

this action; and

        (c)    for such other and different relief as the Court may deem just and proper.

Dated: White Plains, New York
       August 26, 2008

                                          Yours, etc.,
                                          TRIVELLA, FORTE & SMITH, LLP

                                          By: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
                                          Attorneys for the Defendants
                                          1311 Mamaroneck Avenue, Suite 170
                                          White Plains, New York 10605
                                          Telephone: (914) 949-9075

To:    IRA A. STURM, ESQ.
        RAAB, STURM, GOLDMAN
        & GANCHROW, LLP
        Attorneys for the Plaintiffs
        317 Madison Avenue, Suite 1708
        New York, New York 10017
        Telephone: (212) 683-6699

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

MICHELLE SALERNO, being duly sworn, deposes and says:

That I am not a party to this action; am over 18 years of age and reside in Westchester County, New York; that on the 28th day of August, I served the within ANSWER TO AMENDED COMPLAINT in the action, Building Service 32BJ Health Fund et al. v. Superior Maintenance, Inc. et al., 08-CV-6741 (DAB)(MHD) upon:

IRA A. STURM, ESQ.
RAAB, STURM, GOLDMAN & GANCHROW, LLP
317 Madison Avenue, Suite 1708
New York, New York 10017

by depositing a true copy of the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
MICHELLE SALERNO

Sworn to before me this
28th day of August, 2008

_____
Notary Public
RAQUEL A. WILLIAMS
Notary Public, State of New York
No. 02WI6072574
Qualified in Westchester County
Commission Expires April 8, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008, I served the foregoing ANSWER TO AMENDED COMPLAINT on Ira A. Sturm, Esq. of Raab, Sturm, Goldman & Ganchrow, LLP, Attorneys for the Plaintiff, by electronic mail, in the action, <u>Building Service 32BJ Health Fund et al. v. Superior Maintenance, Inc. et al.</u>, 08-CV-6741 (DAB)(MHD).

TRIVELLA, FORTE & SMITH, LLP

By: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
Attorneys for the Defendants
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Telephone: (914) 949-9075